

1   JOHN J. TUCHI
    United States Attorney
2   District of Arizona
    DAVID R. ZIPPS
3   Assistant U.S. Attorney
    405 West Congress, Suite 4800
4   Tucson, Arizona  85701-5040
    Telephone: (520) 620-7300
5   Email: david.zipps@usdoj.gov
    Attorneys for Plaintiff

6

### UNITED STATES DISTRICT COURT

7

### DISTRICT OF ARIZONA

8   **United  States of America,**     )    CR 09 - 1674 - TUC - DCB (BPV)
                            )    Mag. No. 09-0319M
9            **Plaintiff,**       )
                            )
10             v.            )
                            )    **PLEA AGREEMENT**
11   **Jorge Castillo-Mejia,**       )
    **aka Jorge Castillo-Mejio,**    )    **(Fast Track 5K3.1)**
12   **aka Juan Hernandez,**       )
    **aka Jorge Luis Soto-Contreras.** )
13                **Defendant.**    )
    _____ )

14

15        The United States of America and the defendant agree to the following disposition

16 of this matter:

17                                      PLEA

18        The defendant agrees to plead guilty to an Indictment charging a violation of 8

19 U.S.C. Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2), Illegal

20 Re-entry After Deportation, a felony.

21            STIPULATIONS, TERMS AND AGREEMENTS

22                         Maximum Penalties

23        A violation of 8 U.S.C. § 1326,  enhanced by 8 U.S.C. § 1326(b)(2), is punishable

24 by a maximum fine of $250,000.00, or a maximum term of imprisonment of 20 years, or

25 both, plus a term of supervised release of up to three years and a special assessment of $100.

26 The special assessment is due and payable at the time the defendant enters the plea of guilty,

and must be paid by the time of sentencing unless the defendant is indigent.  If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

Agreements Regarding Sentence

Specific Offense Characteristics and Sentences

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P. and U.S.S.G. § 5K3.1, the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

**(A) (1)   Level 24 Offenses**. Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), if the defendant has a prior felony conviction for (I) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, then the government and defendant agree the defendant's sentence shall be as follows:

27 to 33 months of imprisonment if defendant's Criminal History Category is I;

30 to 37 months of imprisonment if defendant's Criminal History Category is II;

33 to 41 months of imprisonment if defendant's Criminal History Category is III;

41 to 51 months of imprisonment if defendant's Criminal History Category is IV;

51 to 63 months of imprisonment if defendant's Criminal History Category is V;

57 to 71 months of imprisonment if defendant's Criminal History Category is VI.

**(A) (2)   Level 24 Offenses Committed Under a Supervised Release Term**. Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), if the defendant has a prior felony conviction for (I) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, **and it is determined that the**

2

**defendant was on supervised release at the time the present offense was committed,** then the government and defendant agree the defendant's sentence shall be as follows:

30 to 41 months of imprisonment if defendant's Criminal History Category is I;

33 to 46 months of imprisonment if defendant's Criminal History Category is II;

37 to 51 months of imprisonment if defendant's Criminal History Category is III;

46 to 63 months of imprisonment if defendant's Criminal History Category is IV;

57 to 78 months of imprisonment if defendant's Criminal History Category is V;

63 to 87 months of imprisonment if defendant's Criminal History Category is VI.

**(B)(1)   Level 20 Offenses.**  Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(B), if the defendant has a prior felony conviction for a drug trafficking offense for which the sentence imposed was 13 months or less, then the government and defendant agree the defendant's sentence shall be as follows:

15 to 21 months of imprisonment if defendant's Criminal History Category is I;

18 to 24 months of imprisonment if defendant's Criminal History Category is II;

21 to 27 months of imprisonment if defendant's Criminal History Category is III;

27 to 33 months of imprisonment if defendant's Criminal History Category is IV;

33 to 41 months of imprisonment if defendant's Criminal History Category is V;

37 to 46 months of imprisonment if defendant's Criminal History Category is VI.

**(B)(2)   Level 20 Offenses Committed Under a Supervised Release Term.** Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(B), if the defendant has a prior felony conviction for a drug trafficking offense for which the sentence imposed was 13 months or less, **and it is determined that the defendant was on supervised release at the time the present offense was committed**, then the government and defendant agree the defendant's sentence shall be as follows:

18 to 27 months of imprisonment if defendant's Criminal History Category is I;

21 to 30 months of imprisonment if defendant's Criminal History Category is II;

24 to 33 months of imprisonment if defendant's Criminal History Category is III;

30 to 41 months of imprisonment if defendant's Criminal History Category is IV;

37 to 51 months of imprisonment if defendant's Criminal History Category is V;

41 to 57 months of imprisonment if defendant's Criminal History Category is VI.

**(C)(1)   Level 16 Offenses.** Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(C), if the defendant has a prior aggravated felony conviction for any offense other than those enumerated in U.S.C.G. §§ 2L1.2(b)(1)(A) or (B), then the government and defendant agree the defendant's sentence shall be as follows:

6 to 12 months of imprisonment if defendant's Criminal History Category is I;

8 to14 months of imprisonment if defendant's Criminal History Category is II;

10 to 16 months of imprisonment if defendant's Criminal History Category is III;

15 to 21 months of imprisonment if defendant's Criminal History Category is IV;

21 to 27 months of imprisonment if defendant's Criminal History Category is V;

24 to 30 months of imprisonment if defendant's Criminal History Category is VI.

**(C)(2)   Level 16 Offenses Committed Under a Supervised Release Term.** Under the sentencing guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(C), if the defendant has a prior aggravated felony conviction for any offense other than those enumerated in U.S.S.G. §§ 2L1.2(b)(1)(A) or (B), **and it is determined that the defendant was on supervised release at the time the present offense was committed**, then the government and defendant agree the defendant's sentence shall be as follows:

8 to16 months of imprisonment if defendant's Criminal History Category is I;

10 to18 months of imprisonment if defendant's Criminal History Category is II;

12 to 21 months of imprisonment if defendant's Criminal History Category is III;

18 to 27 months of imprisonment if defendant's Criminal History Category is IV;

24 to 33 months of imprisonment if defendant's Criminal History Category is V;

27 to 37 months of imprisonment if defendant's Criminal History Category is VI.

It is agreed that the term of supervised release originally imposed shall be unsuccessfully terminated. If jurisdiction for the supervised release term is outside the District of Arizona and opposition to the unsuccessful termination of supervised release exists, the defendant's sentence for the present offense shall be under the initial set of imprisonment ranges outlined above in Sections (A)(1); (B)(1); and, (C)(1).

If the defendant has multiple convictions, which fall under more than one specific offense classification level (i.e. U.S.S.G. § 2L1.2(b)(1)(A),(B), and/or (C)), the highest specific offense classification level will be used in calculating the sentence which will be imposed upon the defendant. The precise level of offense and number of months sentence imposed will be determined by the court based upon the defendant's criminal record.

This agreement is conditioned on the defendant having one of the above-enumerated aggravated felony convictions, and having less than 18 criminal history points. If the defendant has 18 or more criminal history points, or if the government discovers a conviction other than those disclosed to the defense prior to sentencing, the government shall have the right to withdraw from this agreement.

The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the Presentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

5

## Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

If on supervised release at the time the present offense was committed, the defendant waives his/her right to a revocation hearing on any allegations of supervised release violations.

## Reinstatement of Removal, Deportation, or Exclusion

The defendant admits that the defendant was the subject of a previous order of removal, deportation or exclusion. The defendant agrees to the reinstatement of that previous order of removal, deportation or exclusion. The defendant admits that he does not have a fear of returning to the country designated in the previous order. If this plea agreement is accepted by the Court, the defendant agrees not to contest, either directly or

///

6

1   by collateral attack, the reinstatement of the prior order of removal, deportation or

2   exclusion.

3                               Reinstitution of Prosecution

4          Nothing in this agreement shall be construed to protect the defendant in any way

5   from prosecution for perjury, false declaration or false statement, or any other offense

6   committed by the defendant after the date of this agreement.   In addition, if the defendant

7   commits any criminal offense between the date of this agreement and the date of sentencing,

8   the government will have the right to withdraw from this agreement.  Any information,

9   statements, documents and evidence which the defendant provides to the United States

10  pursuant to this agreement may be used against the defendant in all such proceedings.

11         If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court

12  in a later proceeding, the government will be free to prosecute the defendant for all charges

13  and/or allegations of supervised release violations as to which it has knowledge, and any

14  charges and/or allegations of supervised release violations that have been dismissed or not

15  alleged because of this plea agreement will be automatically reinstated.  In such event, the

16  defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or

17  the Sixth Amendment to the Constitution as to the delay occasioned by the later

18  proceedings.   Defendant agrees that the stipulated sentencing ranges set forth under

19  "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

20                    Disclosure of Information to U.S. Probation Office

21         The defendant understands the government's obligation to provide all information

22  in its file regarding the defendant to the United States Probation Office. The defendant fully

23  understands and agrees to cooperate fully and truthfully with the United States Probation

24  Office in providing all information requested by the probation officer.

25

26  / / /

7

## Effect on Other Proceedings

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

## WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

8

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF THE OFFENSE

1.    The defendant is an alien.

2.    The defendant has been previously denied admission, excluded, deported, and removed from the United States.

3.    The defendant knowingly entered or was found in the United States.

4.    The defendant did not obtain the express consent of the Attorney General or Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States.

## FACTUAL BASIS AND SENTENCING FACTORS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

I am not a citizen or national of the United States. I was deported, excluded, or removed from the United States through Brownsville Texas on December 26, 2007. I was voluntarily present and found in the United States in Lukeville, Arizona on July 13, 2009. I did not obtain the express consent of the Attorney General or Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States.

Furthermore, for sentencing purposes, I admit that I was convicted of delivering or manufacturing a controlled substance, on July 16, 1998. I was sentenced to 15 months jail. I was also convicted of delivery of cocaine, on July 12, 1996. I was sentenced to 21 months jail. Both of these are aggravated felonies, and I was represented by an attorney.

I agree that if I am found to have been under a term of supervised release when the present offense was committed, I will be subject to the higher sentencing ranges outlined in this agreement.

Date ___10/19/09___                    _Jorge Castillo_
                                        Jorge Castillo-Mejia
                                        Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the ___23___ day of ___Sept.___, ___2009___.

___10/16/09___                        _Joe Machado_
Date                                    Joe Machado
                                        Attorney for Defendant

/ / /

10

1

## GOVERNMENT'S APPROVAL

2

I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3

States that the terms and conditions set forth are appropriate and are in the best interests of

4

justice.

5
JOHN J. TUCHI
United States Attorney
6
District of Arizona

7
10/19/09
8
Date

DAVID R. ZIPPS
Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11